1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2       A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (323) 937-4503
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendants* Alfonso Spindola Valdovinos & Isabel Valdovinos

6

7               UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                    LOS ANGELES DIVISION

10

11  In re                                    Case No. 2:17-bk-19557-RK

12  ALFONSO SPINDOLA VALDOVINOS              Adv. 2:18-ap-01032-RK
    & ISABEL VALDOVINOS
13                                           Before the Honorable Robert N. Kwan
              Debtor
14  ——————————————————————                   Chapter 7

15  DORY SARAFIN                             **MOTION TO DISMISS COMPLAINT: 1. TO
                                             DETERMINE NONDISCHARGEABILITY OF
16              Plaintiff                     DEBT PURSUANT TO 11 U.S.C. SECTION
                                             523(a)(2)(A); 2. FOR DENIAL OF DISCHARGE
17  vs.                                      PURSUANT TO 11 U.S.C. SECTION 727(a)(2)
                                             (A); 3. FOR DENIAL OF DISCHARGE
18  ALFONSO SPINDOLA VALDOVINOS              PURSUANT TO 11 U.S.C. SECTION 727(a)(4)
    & ISABEL VALDOVINOS                      (A); 4. FOR DENIAL OF DISCHARGE
19                                           PURSUANT TO 11 U.S.C. SECTION 727(a)(5);
              Defendant                      AND 5. FOR A FINDING OF ALTER EGO
20                                           LIABILITY**

21                                           [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009, 7012

22
                                             Date: 4-17-2018
23                                           Time: 3:00PM
                                             Courtroom 1675
24                                           255 E. Temple Street, Los Angeles, CA 90012

25       **TO PLAINTIFF DORY SARAFIN AND HIS ATTORNEY OF RECORD**:

26       **PLEASE TAKE NOTICE** that on 4-17-2018, at 3:00PM in the Courtroom of the Honorable

27  Robert N. Kwan, United States Bankruptcy Judge, Courtroom 5A located at the United States

28

1    Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse

2    255 E. Temple Street, Suite 1682 / Courtroom 1675, Los Angeles, CA 90012, Debtors and Defendants

3    ALFONSO SPINDOLA VALDOVINOS & ISABEL VALDOVINOS ("Defendants") move for an

4    order dismissing the *Complaint: 1. To Determine Nondischargeability of Debt Pursuant to 11 U.S.C.*

5    *Section 523(a)(2)(A); 2. For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(2)(A); 3. For*

6    *Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)(A); 4. For Denial of Discharge*

7    *Pursuant to 11 U.S.C. Section 727(a)(5); and 5. For a Finding of Alter Ego Liability* ("Complaint")

8    filed herein by Plaintiff DORY SARAFIN ("Plaintiff").

9        The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points

10    and Authorities, on all the papers and records on file in this action, and on such oral and documentary

11    evidence as may be presented at the hearing of the *Motion*.

12        Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P.

13    §§7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be

14    granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §523(a)(2) and

15    § 727(a). Plaintiff attempts to allege causes of action by providing an excessive listing of vague,

16    redundant, and ultimately confusing assertions of fact (many of which only marginally qualify as

17    facts), then, failing to apply those assertions to the elements of any given cause of action, makes only

18    sweeping conclusory declarations of Defendant's liability. As a result, the pleading defies a basis for

19    drawing any reasonable inference that Defendant is responsible for the misconduct alleged, let alone

20    any of the injuries or damages which Plaintiff claims to have suffered. It is not the responsibility of

21    Defendant, and certainly not the responsibility of the Court, to decipher the relevant facts from the

22    referenced narrative in order to construct Plaintiff's claims for relief.

23        Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be

24    stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later

25    than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in

26    the Court failing to consider the same.

27

28

1    DATED:        March 7, 2018            LAW OFFICE OF BARUCH C. COHEN
                                           A Professional Law Corporation
2

3                                          By ____/S/ Baruch C. Cohen_____
                                           Baruch C. Cohen, Esq.
4                                          *Defendants*  Alfonso  Spindola  Valdovinos  &  Isabel
                                           Valdovinos
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

        PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P.

        §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . . . . . -4-

        PLAINTIFF'S 1ST CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C.

        §523(A)(2)(A) IS PROPERLY DISMISSED . . . . . . . . . . . . . . . -4-

        PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

        PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(4) IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

        PLAINTIFF'S 4TH CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(5) IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

        PLAINTIFF'S 5TH CAUSE OF ACTION FOR ALTER EGO  IS PROPERLY

        DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . . -10-

4

*AHCOM, Ltd. v. Smeding,*, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

5

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

7

8

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

9

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

10

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . -4-

11

*Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . . -10-

12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

14

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . . -4-

15

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

16

*Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

17

*Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . . -10-

18

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . -4-

19

*Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997) . . . . . . . . . . . . -10-

20

*In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005) . . . . . . -5-

21

*In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

22

*In re BFP*, 974 F.2d 1144 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

23

*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

24

*In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) . . . . . . . . . . . . . . . . -7-

25

*In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

26

*In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

27

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

28

1    *In re Jacobs*, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

2    *In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

3    *In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

4    *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

5    *In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991) . . . . . . . . . . . . . . . . . . . . -5-

6    *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

7    *In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d
     Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

8    *In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

9    *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312

10   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

11   *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). . . . . . . . . . -10-

12   *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . -3-

13   *Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

14   *Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996) . . . . . . . . . -12-

15   *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . -3-

16   *Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

17   *Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

18   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102
19   S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

20

21   **STATUTES**

22   11 U.S.C.  §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

23   11 U.S.C.  §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

24   11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

25   11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

26   11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -7-

27   11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

28

1

11 U.S.C. § 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

2

11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

3

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

4

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

6

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

7

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

8

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

9

Federal Rule of Civil Procedure Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

10

Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

11

Section 548(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.    **MEMORANDUM OF POINTS & AUTHORITIES**

    a.    **BACKGROUND**

On 8-3-2017, the Debtor commend this chapter 7 bankruptcy.

On 2-6-2018, Plaintiff commenced this Complaint. The First Cause of Action is for  is for Money Obtained by False Pretenses and Actual Fraud Pursuant to 11 U.S.C. §523(a)(2)(A);  The Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A); The Third  Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(4)(A); The Fourth Cause of Action  is for Denial of Defendants' Discharge for Failure to Explain Losses Under 11 U.S.C. §727(a)(5); & the Fifth Cause of Action is for Alter Ego.

Plaintiff's First Cause of Action for Money Obtained by False Pretenses and Actual Fraud Pursuant to 11 U.S.C. §523(a)(2)(A) is based on an allegation that Defendants engaged in an elaborate fraudulent transfer scheme whereby they conducted their personal affairs through a myriad of bank accounts held under the name of their insider, alter ego corporations, Valdovinos, Inc., and Icarus Corporation (the "Alter Ego Companies") in an effort to shield themselves from collection by their numerous creditors, some of whom possessed judgments against Debtors and Valdovinos, Inc. (Complaint ¶ 37). This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore lacks the standing to raise a claim under 11 U.S.C. § 548. While the Plaintiff claims: "Had Plaintiff known about A. Valdovinos unscrupulous and fraudulent business practices at this time, he would never have maintained a relationship with A. Valdovinos or provided his loan," the basic elements of 11 U.S.C. §523(a)(2)(A) are nowhere to be found in the Complaint, violating the requirements of Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7009. The Complaint does not identify:  (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

Plaintiff's Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A) ) is based on an allegation that: "In the years preceding their present bankruptcy

1   case, Defendants engaged in an ongoing scheme to avoid, delay, hinder and defraud their creditors,

2   including Sarafin, who had obtained judgments against A. Valdovinos by concealing and transferring

3   income and property that was rightfully theirs to their Alter Ego Companies to prevent their creditors

4   from collecting on their debts. (Complaint ¶ 42). The Complaint is silent as to what specific assets

5   were transferred to Alter Ego Companies - and the dates of said alleged transfers - to prevent their

6   creditors from collecting on their $199,493. 17 judgement. Ironically, of the few assets that Plaintiff

7   does define as having been sold (ie., transferred), they occurred **beyond** the one-year pre-filing period.

8       Plaintiff's Third  Cause of Action is for Denial of Defendants' Discharge for False Oath

9   Pursuant to 11 U.S.C. §727(a)(4)(A)  is based on an allegation that the Defendant omitted assets in

10   his bankruptcy, and failed to disclose said assets in his 341(a) examination - yet the Complaint

11   acknowledged that the Debtor amended his bankruptcy schedules several times, correcting and

12   remedying what he inavertently omitted beforehand. The Complaint cites no facts that this was more

13   than an innocent and inadvertent oversight, and no facts were cited in the Complaint that this was a

14   knowingly and fraudulently made false oath.

15       Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for Failure to

16   Explain Losses Under 11 U.S.C. §727(a)(5) is based on an allegation that the Defendant failed to

17   explain any loss of assets or deficiency of assets to meet the debtor's liabilities - yet the Complaint

18   acknowledged that the Debtor amended his bankruptcy schedules several times, correcting,

19   explaining, and remedying what he inadvertently omitted beforehand. The Complaint cites no facts

20   of any asset that remains unaccounted for - since the amendments, all were accounted for and

21   explained. And since at this point in time, it is still "before the determination of a denial of discharge"

22   Defendant's have successfully explained all of his previous errors by virtue of their amendments.

23       Plaintiff's Fifth Cause of Action is for Alter Ego - which is not a valid cause of action under

24   11 U.S.C. §523(a) and/or 11 U.S.C.  §727(a). It's not even a valid cause of action under California

25   law.

26       Accordingly, the task has fallen upon Defendants to bring the instant *Motion to Dismiss*, for

27   failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules

28

of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and allegations which are mere conclusions.

### b.    ARGUMENT

A complaint must allege sufficient factual matter, which if accepted as true would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for misconduct. Id.

The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless "the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... .

Courts have increasingly recognized that under appropriate circumstances these motions are useful and even necessary tools for disposing of insupportable claims. Thus, while the Court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe them in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ibid.*) In other words, the relevant

question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983).  As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's First Amended Complaint. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Complaint - alleged facts are not stated with the requisite specificity.

      i.     **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

      (1)     **PLAINTIFF'S 1ST CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C. §523(A)(2)(A) IS PROPERLY DISMISSED**

The holding in *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) provides:

The elements of a claim for fraudulent misrepresentation under section 523(a)(2)(A)

1    are: (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor

2    knew at the time to be false, (4) that the debtor made with the intention of deceiving
     the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was

3    reasonable, and (7) that damage proximately resulted from the misrepresentation.

4        To support a 11 U.S.C. §523(a)(2)(A) action, Plaintiff must establish that Defendants made

5    a false representation with respect to existing and ascertainable facts. *In re Fravel*, 143 Bankr. 1001

6    (Bankr. E.D.Va.1992); *In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991).

7        Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part that "A discharge

8    under this title does not discharge an individual debtor from any debt or money, property, services,

9    or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, or false

10   representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial

11   condition." A claim under this "fraud" exception requires that the claim satisfy the heightened

12   pleading requirements for fraud pursuant to Fed. R. Civ. P. 9(b). See *In re Jacobs*, 403 B.R. 565, 574

13   (Bankr. N.D. Ill. 2009)(citations omitted), as well as *In re Kanaley*, 241 B.R. 795, 803 (Bankr.

14   S.D.N.Y. 1991).

15       Federal Rule of Civil Procedure Rule 9(b) and Federal Rule of Bankruptcy Procedure 7009

16   states "In alleging fraud, a party must state with particularity the circumstances constituting fraud or

17   mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

18   While intent or knowledge may be averred generally, however, the plaintiff must still plead the events

19   claimed to give rise to an inference of intent or knowledge *Devaney v. Chester*, 813 F.2d 566, 568 (2d

20   Cir. 1987), which may be accomplished by pleading facts consistent with certain well established

21   "badges of fraud." *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004). In addition to providing a

22   defendant with fair notice of the claim, Rule 9(b) serves the purpose of protecting a defendant from

23   harm to his or her reputation or good will by unfounded allegations of fraud, and by reducing the

24   number of strike suits. *In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr.

25   S.D.N.Y. 2005).

26       Those three terms, as used in section 523(a)(2)(A), embody different concepts in Congress'

27   use of the disjunctive, or evidence an intent to deny a discharge under any such term." The term "false

28   pretenses" is defined as conscious, deceptive or misleading conduct, calculated to obtain or deprive

1    another of property. It includes an implied misrepresentation or conduct intended to create a false

2    impression. The term "false representation" requires that the plaintiff present proof that the defendant

3    (1) made a false or misleading statement, (2) with the intent to deceive, and (3) to cause the plaintiff

4    to turn over money or property to the defendant. The term "actual fraud" requires proof of the five

5    fingers of fraud, or five elements of fraud, which are (1) a misrepresentation, (2) fraudulent intent or

6    scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) damage. A reckless

7    representation or silence regarding a material fact may in some cases constitute the requisite falsity,

8    and in certain cases a causal link, as opposed to actual reliance, may establish the creditor's injury.

9    Although the statute could conceivably be read as providing that one's debt may not be subject to the

10    discharge if one merely benefits from someone else's fraud, in keeping with the Congressional purpose

11    behind section 523 that is not the approach taken by the courts. The case law requires fraudulent

12    conduct, false pretenses, or false representations on the part of the particular debtor in question, either

13    directly or by imputation.

14        Nothing in the Plaintiffs' complaint would satisfy Federal Rule of Civil Procedure Rule 8 and

15    Federal Rule of Bankruptcy Procedure 7008, let alone FRCP 9(b), as to whether a claim has been

16    alleged under Bankruptcy Code section 523(a)(2)(A) for fraud, false pretenses or misrepresentation.

17    The complaint laments: "Had Plaintiff known about A. Valdovinos unscrupulous and fraudulent

18    business practices at this time, he would never have maintained a relationship with A. Valdovinos or

19    provided his loan," but clearly no misrepresentation by Defendants have been alleged here, or any

20    intent on his part to induce reliance thereon. It not only does not plead sufficient "badges of fraud" as

21    to Defendants, it also does not plead any  facts, as opposed to conclusions, describing their fraud.

22    Without more, therefore, the complaint's claim under section 523(a)(2)(A) of the Bankruptcy Code

23    is properly dismissed.

24        Further, Plaintiff's First Cause of Action for Money Obtained by False Pretenses and Actual

25    Fraud Pursuant to 11 U.S.C. §523(a)(2)(A) is based on an allegation that Defendants engaged in an

26    elaborate fraudulent transfer scheme whereby they conducted their personal affairs through a myriad

27    of bank accounts held under the name of their insider, alter ego corporations, Valdovinos, Inc., and

28    Icarus Corporation (the "Alter Ego Companies") in an effort to shield themselves from collection by

1  their numerous creditors, some of whom possessed judgments against Debtors and Valdovinos, Inc.

2  (Complaint ¶ 37). This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and

3  therefore lacks the standing to raise a claim under 11 U.S.C. § 548.

4  11 U.S.C. § 548 gives the "***trustee*** the ability to avoid any transfer of interest of the debtor in

5  property, or any obligation incurred by the debtor that was made or incurred within one year before

6  the date of the filing of the petition". "A trustee may set aside a transfer of an interest of the debtor

7  if the debtor made the transfer ..."*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002). The court continued

8  "A trustee's right to recover differs dramatically depending on which section is applicable" See also

9  *Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997.

10  "Section 548(a)(2) of the Bankruptcy Code sets forth the avoiding powers of a **bankruptcy trustee**

11  as they relate to fraudulent transfers of a debtor's interest in property." (Emphasis added) *In re BFP*,

12  974 F.2d 1144 (9th Cir.1992).

13  11 U.S.C. § 544 like Section 547 also vests power in the Trustee for the benefit of the estate.

14  Like section 547 it specifically states rights for the trustee it clearly states "The **trustee** shall have...

15  the rights and powers of avoidance of any transfer of property of the debtor or any obligation incurred

16  by the debtor..." (Emphasis added).

17  "Section 544 of the Bankruptcy Code, the "strong-arm clause," grants a trustee in bankruptcy

18  "the rights and powers of a hypothetical creditor who obtained a judicial lien on all of the property in

19  the estate at the date the petition in bankruptcy was filed." *In re Commercial W. Fin. Corp.,* 761 F.2d

20  1329, 1331 n.2 (9th Cir. 1985) (citing 11 U.S.C.&sect; 544(a)(1)). "One of these powers is the ability

21  to take priority over, or `avoid' security interests that are unperfected under applicable state law . . .

22  ." Id. Avoiding such interests relegates them to the status of a general unsecured claim. See 5 *Collier*

23  *on Bankruptcy* ¶¶ 544.02, 544.05 (Lawrence P. King ed., 15th ed. rev. 2000).*Neilson v. Chang*, 253

24  F.3d 520 (9th Cir. 2001). The rule is clear, the rights which Plaintiff seeks to enforce belong solely

25  to the trustee, they are not Plaintiff's to exercise.

26  (2)    **PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C.**

27  **§727(a)(2)(A) IS PROPERLY DISMISSED**

28  11 U.S.C. §727(a)(2)(A) - Discharge provides:

1

2

3

4

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, ***within one year before the date of the filing of the petition***
[Emphasis added]

5

6

7

8

9

10

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 5-31-2017 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997).

11

12

13

14

15

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

16

17

18

19

20

21

Plaintiff's Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A) ) is based on an allegation that: "In the year**s** preceding their present bankruptcy case, Defendants engaged in an ongoing scheme to avoid, delay, hinder and defraud their creditors, including Sarafin, who had obtained judgments against A. Valdovinos by concealing and transferring income and property that was rightfully theirs to their Alter Ego Companies to prevent their creditors from collecting on their debts. (Complaint ¶ 42).

22

23

24

The Complaint is silent as to what specific assets were transferred to Alter Ego Companies - and the dates of said alleged transfers - to prevent their creditors from collecting on their $199,493. 17 judgement.

25

26

Ironically, of the few assets that Plaintiff does define as having been sold (ie., transferred), they occurred **beyond the one-year pre-filing period** (8-3-2016 - 8-3-2017).

27

28

Complaint ¶ 33(e)(1) identifies real property located at 530 Swayze Court, Riverside CA

92507 that was sold by the Debtors on 10-28-2013 (beyond the one-year pre-filing period (8-3-2016 - 8-3-2017)).

Complaint ¶ 33(e)(2-7) identifies 6 real properties (7933 Pearl St., Rancho Cucamonga, CA; 2151 N. Euclid Ave., Upland, CA 91784; 4786 Wheeler Ave., La Verne, CA 91750; 5302 Adenmoor Ave., Lakewood, CA 90713; 25555 Mountain Pass Rd., Newhall, CA 9132; & 26014 Cypress St., San Bernardino, CA 92410) that were once owned by the Debtors, but is silent as to whether they were transferred within the one-year pre-filing period (8-3-2016 - 8-3-2017).

Complaint ¶ 33(f) identifies 9 cars that were all sold by the Debtors beyond the one-year pre-filing period (8-3-2016 - 8-3-2017):

| Vehicles | Transfer Date |
|---|---|
| Mercedes E350 | Within 2 years of the Petition Date |
| F350 (Transferred for $41,108.00) | 3/25/2016 |
| 2012 Lexus (Transferred for $19,000) | 5/4/2015 |
| 2003 Nissan | 1/3/2015 |
| 2006 Ford (Transferred for $9,800) | 1/20/2014 |
| 1991 Ford | 10/4/2013 |
| 2008 Mercedes CLS (Transferred for $36K) | 8/21/2013 |
| Camaro | Details unknown but admittedly transferred within four years. |
| Unknown vehicle transferred to High Bid Trader (buyer) for an unknown price. | Unknown |

There is no factual allegation in the Complaint of any subjective intent on the Defendants' part to hinder, delay or defraud a creditor, or any creditor, from 8-3-2016 - 8-3-2017.

Accordingly, Plaintiff's 2nd Cause of Action under 11 U.S.C. §727(a)(2)(A) is properly dismissed.

(3)    **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4) IS PROPERLY DISMISSED**

11 U.S.C. §727(a)(4)(A) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—

-9-

1

(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account

2

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that:

3

4

(1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the

5

statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement

6

related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992),

7

cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th

8

Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also

*In re Zimmerman*, 320 B.R. at 806.

9

10

Not all omissions or errors, however, lead to denial of a discharge. A debtor that is

11

merely careless in preparing schedules and statements or in testimony in connection with a case

12

may receive a discharge absent proof of fraudulent intent. *Bauman v. Post (In re Post)*, 347 B.R.

13

104, 112 (Bankr. M.D. Fla. 2006); *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785

14

(Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware

15

of all relevant facts also will not be found to have made a false oath. *In re Topper*, 229 F.2d 691, 693

16

(3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005); *In re Dawley*, 312 B.R.

at 787.

17

18

A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the

evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232

19

20

Plaintiff's Third  Cause of Action is for Denial of Defendants' Discharge for False Oath

21

Pursuant to 11 U.S.C. §727(a)(4)(A)  is based on an allegation that the Defendants omitted assets in

22

their bankruptcy, and failed to disclose said assets in their 341(a) examination - yet the Complaint

23

acknowledged that the Debtors amended their bankruptcy schedules several times, correcting and

24

remedying what he inadvertently omitted beforehand. In *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir.

25

1992) the Court clearly stated that an opportunity to clear up inconsistencies and omissions with

26

amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson*

*v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997).

27

Here, the Defendants  voluntarily amended (8-17-2017, 9-20-2017, 12-27-2017, 12-18-2017,

28

1-18-2018) their Schedules and Statement of Financial Affairs **_before_** this Complaint was ever filed

(2-16-2018) and before they even knew that a 727 complaint was being filed against them. The

Debtors seized their own opportunities to clear up any inconsistencies or omissions with amended

Schedules and Statement of Financial Affairs demonstrating that they lacked actual intent to defraud.

Under the "Relations Back" Doctrine of F.R.C.P. 15, and F.R.B.P 7015, said amendments ((1)

8-17-2017 [Doc-12], (2) 9-20-2017 [Doc-16], (3) 12-27-2017 [Doc-36], (4) 12-28-2017 [Doc-39],

(5) 1-18-2018 [Doc-45-45]) relate back to the initial bankruptcy filing of 8-3-2017, and therefore

verify the integrity of these Defendants to maintain the accuracy of their Petition.

The Complaint itself acknowledged the Defendants' amendments (Complaint ¶ 33 calling

them "half-hearted") and how they cured and remedied what was accidentally omitted in the initial

filing:

| Asset Allegedly Omitted in Initial Bankruptcy | Reality | Cured By Amendment |
|---|---|---|
| Complaint ¶ 16(b): Defendant had only one bank account -a Wells Fargo checking account with a balance of $20.00 | | Complaint ¶ 29: Debtors' amendment 12-29-2017 [Doc 39], Schedule B, Debtors listed a bank account with One West Bank with a balance of $1,409.00 |
| Complaint ¶ 17: Defendants did not list any interests in businesses on their Schedule A/B filed on August 17, 2017. | Defendants' Statement of Financial Affairs of 8-17-2017 [Doc 12] # 27, listed their 3 business: (1) Valdovinos, Inc., (2) Icarus Corporation; & (3) Endeavor Motor Sports. See Complaint ¶ 19(g) | Complaint ¶ 28: Debtors' amendment 12-27-2017 [Doc 36], Schedule B, Debtors listed Valdovinos, Inc. & Icarus Corporation; |
| Complaint ¶ 18: A. Valdovinos reported no monthly income from any source on Schedule I. | Complaint ¶ 19(a)(b)(c): Defendants' Statement of Financial Affairs of 8-17-2017 [Doc 12] # 4, listed Debtors' gross income: (1) YTD $11,000.00; (2) 2016 $10,000.00; & (3) 2015 $0.00. | |

| Complaint ¶ 19(f): Defendants did not list any transfers under Question 18 of their SOFA regarding transfers of property in the two (2) years preceding the Petition Date | There were no transfers to record of real estate within the two (2) years preceding the Petition Date (8-3-2015 - 8-3-2017). Complaint ¶ 33(e)(1) identifies real property located at 530 Swayze Court, Riverside CA 92507 that was sold by the Debtors on 10-28-2013 (beyond the one-year pre-filing period (8-3-2016 - 8-3-2017). | |
| Complaint ¶ 23: Mercedes 2013 E350 | Complaint ¶ 21: Defendants testified that they transferred one vehicle, a 2013 E350, on May 18, 2016 and that they received no money in exchange therefor because the transfer was made on account of a civil compromise | Complaint ¶ 27: Debtors' amendment 9-20-2017 [Doc 16] SOFA # 18, listed the transfer of the Mercedes 2013 E350. Complaint ¶ 31: Debtors' amendment 1-18-2018 [Doc 45] SOFA # 18, Debtors listed 2013 Ford F350 and a 2005 Ford Freestar |

The Complaint cites no facts that the initial errors that were corrected by amendments were nothing more than innocent and inadvertent oversights, and no facts were cited in the Complaint that they were knowingly and fraudulently made false oaths.

The Complaint is silent as to whether the alleged concealed information would have or could have revealed assets available for creditors, especially if the assets in question were exempted.

The Complaint does not allege that the Debtors made a false oath with fraudulent intent. In fact, the evidence will show if this case goes to trial that the Defendants were not adequately interrogated by their attorney in the preparation of their schedules. Such reliance on an attorney can, with other evidence, demonstrate a lack of actual intent. *Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996).

Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

(4)    **PLAINTIFF'S 4TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(5) IS PROPERLY DISMISSED**

The elements that comprise an objection to discharge under 11 U.S.C. § 727(a)(5): the debtor

1  failed to explain satisfactorily, **before determination of denial of discharge** under this paragraph,

2  any loss of assets or deficiency of assets to meet the debtor's liabilities. [Emphasis added]

3  Here, no trial has been scheduled, and Defendants explained satisfactorily, ***before***

4  determination of denial of discharge any loss of assets or deficiency of assets to meet the debtor's

5  liabilities in their amendment of (1) 8-17-2017 [Doc-12], (2) 9-20-2017 [Doc-16], (3) 12-27-2017

6  [Doc-36], (4) 12-28-2017 [Doc-39], (5) 1-18-2018 [Doc-45-45].

7  11 U.S.C. § 727(a)(5) does not explicitly require a creditor to call upon a debtor to explain a

8  loss of assets prior to filing an adversary proceeding.  A denial of discharge under § 727(a)(5) requires

9  only that the debtor fail to explain a loss of assets "before determination of denial of discharge under

10  this paragraph." To require a creditor to seek an explanation from the debtor prior to filing an

11  adversary hearing would add an additional and redundant layer of inquiry to § 727(a)(5).

12  Accordingly, Plaintiff's 4th Cause of Action under 11 U.S.C. §727(a)(5) is properly dismissed.

13  (5)    **PLAINTIFF'S 5TH CAUSE OF ACTION FOR ALTER EGO  IS**

14  **PROPERLY DISMISSED**

15  In _AHCOM, Ltd. v. Smeding_,, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020

16  (9th Cir. Oct. 21, 2010), the Ninth Circuit concluded, "California law does not recognize an alter ego

17  claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos

18  for the purposes of all the corporation's debts." The Ninth Circuit overruled opinions relied on a

19  California state court case, _Stodd v. Goldberger_, 73 Cal. App. 3d 827 (1977), for the proposition that

20  California recognized a general alter-ego claim.

21  Accordingly, Plaintiff's 5th Cause of Action for alter ego is properly dismissed.

22  c.    **CONCLUSION**

23  Here, Plaintiff has not demonstrated, nor can he state a viable claim under any cause of action

24  in his Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and

25  to obtain an unfair advantage in the state court action. This is particularly so when one examines the

26  Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate

27  conclusions minimally invoking this Court's jurisdiction.

28  For the above reasons, Defendants pray that this Court dismiss Plaintiff's Complaint <u>with</u>

prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by his Complaint, and that Defendant's alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition. Further, Defendants pray that this Court award Defendant's costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

According, Defendants respectfully request that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

DATED:        March 7, 2018            LAW OFFICE OF BARUCH C. COHEN
                                       A Professional Law Corporation

                                       By ____/S/ Baruch C. Cohen_____
                                       Baruch C. Cohen, Esq.
                                       *Attorney for Defendants* Alfonso Spindola Valdovinos
                                       & Isabel Valdovinos

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940m Los Angeles, California 90010

A true and correct copy of the foregoing document entitled: **MOTION TO DISMISS COMPLAINT: 1. TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A); 2. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A); 3. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A); 4. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5); AND 5. FOR A FINDING OF ALTER EGO LIABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 7, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe (Plaintiff)          kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
Jason M Rund (TR)              trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA)       ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On March 7, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 7, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge Robert Kwan, 255 E. Temple Street, Suite 1682, Los Angeles CA 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 7, 2018  Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|
| *Date*          *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.